Josephine Linker Hart, Justice, concurring. Given this court’s Rule 37 jurisprudence, this case is affirmable. .1 write separately to emphasize two issues raised by this case, but not addressed directly. One issue is the problem with applying the Strickland standard to bench trials, and the other is how to characterize the 911 calls that were not turned over by the State. First, because this case was tried to the bench, the judge was both the fact-finder and, for lack of a better term, the referee. In the latter role, a judge is charged with ensuring that Mr. Doty received a fair trial. Accordingly, in a Rule 37 proceeding, the trial judge is at least indirectly on trial as well as the trial counsel. When the trial judge finds that the asserted grounds for finding ineffective assistance of counsel would not have affected the outcome of the trial, logically speaking, it is both a finding of fact and uncontradicted direct evidence of how the finder of fact would have viewed the trial counsel’s performance. Without getting into the issue of whether the trial judge was actually biased, I submit that it at least has the appearance of impropriety when the trial judge is effectively giving himself his own report card. Even when a jury is the finder of fact, the trial judge, in presiding over a subsequent Rule 37 proceeding, is still deciding the question of whether a Rule 37 petitioner received a fair trial. In the process, the trial judge is, at least in part, assessing his or her own performance. In my view, this court should consider assigning Rule 37 cases to a judge who did not preside over the trial. |1BThe second issue is one unique to this case. Mr. Doty's Rule 37 counsel alleges ineffective assistance of counsel for the trial counsel’s failure to discover the additional 911 tapes that were not played at trial. In my view, the failure by the State to turn over the tapes was a clear Brady violation. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In the postconviction context in Arkansas, Brady violations may be addressed by seeking a writ of error coram nobis, see Howard v. State, 2012 Ark. 177, 403 S.W.3d 38, but they cannot support a Rule 37 petition. Id. Unfortunately, in the case before us, Mr. Doty petitioned for a writ of error coram nobis before his direct appeal had been decided. Because the petition for the writ was filed prematurely, it was summarily dismissed by docket entry and could at least arguably be available as a potential means of securing postconvietion relief.